FILED  
United States Court of Appeals  
Tenth Circuit

May 15, 2023

Christopher M. Wolpert  
Clerk of Court

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

---

| | |
|---|---|
| TODD LOPEZ, as personal representative of the wrongful death estate of Clara Mae Cook, Don Begay, Raymond Gabehart, Eva Hunt, Gladys Pioche, Clara Mae Cook, and Nellie Harwood,<br><br>    Plaintiff - Appellee,<br><br>v.<br><br>CANTEX HEALTH CARE CENTERS II, LLC, et al.,<br><br>    Defendants - Appellants. | Nos. 23-2038, 23-2039, 23-2040, 23-2041, 23-2043, 23-2044 & 23-2045<br>(D.C. Nos. 1:22-CV-00825-KWR-JMR; 1:22-CV-00822-KWP-JMR; 1:22-CV-00826-KWR-JMR; 1:22-CV-00831-KWR-JMR; 1:22-CV-00824-KWR-JMR; 1:22-CV-00834-KWR-JMR; 1:22-CV-00827-KWR-JMR)<br>(D. N.M.) |
| DENNIS MURPHY, as personal representative of the wrongful death estate of Joe A. James,<br><br>    Plaintiff - Appellee,<br><br>v.<br><br>CANTEX HEALTH CARE CENTERS II, LLC, et al.,<br><br>    Defendants - Appellants. | No. 23-2042<br>(D.C. No. 1:22-CV-00832-KWR-JMR)<br>(D. N.M.) |

---

## ORDER

---

These matters are before the court once again to address appellate jurisdiction. The court challenged Appellants to demonstrate appellate jurisdiction to consider the district

court's order remanding the underlying eight cases to New Mexico state court. Appellants filed a memorandum brief asserting jurisdiction under 28 U.S.C. § 1447(d), specifically, the exception to the prohibition on appellate review of remand orders when removal was based on federal officer jurisdiction under § 1442. At the court's direction, Appellees filed a memorandum brief addressing Appellants' jurisdictional arguments. Appellees disagree that appellate jurisdiction exists and assert that the case the appellants rely on does not apply.

Upon consideration, the jurisdictional issue raised in our April 10, 2023 order to show cause; Appellants' April 26, 2023 memorandum brief; and Appellees' May 11, 2023 memorandum brief are referred to the panel of judges that will be assigned later to consider the merits of these appeals. No final decision on whether this court has jurisdiction to review these appeals will be made now or before merits briefing has concluded. The parties may address appellate jurisdiction further it their merits brief, if appropriate.

The district court previously transmitted its notice that the record is complete for purposes of briefing these appeals. Therefore, briefing on the merits will begin, as provided in this order.

As an initial matter, these eight appeals are consolidated for all procedural purposes, including briefing, preparation of an appendix, submission to the court, and oral argument if directed. All pleadings filed in these matters shall be captioned for and filed in all eight appeals, unless good cause exists for including only one or a selection of cases.

Appellants' consolidated opening brief shall be filed and served within 40 days of the date of this order. *See* 10th Cir. R. 31.1(A)(1). While Appellants' consolidated opening brief must raise all claims of error in all appeals, it shall conform to the type-volume limitations for a single principal brief. *See* Fed. R. App. P. 32(a)(7).

Appellants shall file a consolidated appendix concurrently with the consolidated opening brief. 10th Cir. R. 30.1(A)(1). Because the consolidated appendix will necessarily include documents from separate district court proceedings, (1) the appendix should be organized in a manner that will facilitate the court's ability to review the materials contained therein; and (2) the parties should use a clear and uniform citation convention in their briefs. *See* 10th Cir. R. 28.1(A). To these ends, the parties shall confer about both the content of the consolidated appendix and the uniform citation convention they will use.

Appellees shall file a single consolidated response brief that (1) addresses all claims of error made in the consolidated opening brief, and (2) conforms to the type-volume limitations for a single principal brief. *See* 10th Cir. R. 31.3; Fed. R. App. P. 32(a)(7).

Appellants may file only one consolidated reply brief. *See* 10th Cir. R. 31.3. The consolidated reply brief shall also conform to the type-volume limitations for a single reply brief. *See* Fed. R. App. P. 32(a)(7).

The briefs and appendix shall be filed electronically in each case, but the parties need only forward seven hard copies of the briefs and one hard copy of the appendix to the Clerk's Office. The briefs and appendix shall otherwise comply with all applicable Federal Rules of Appellate Procedure and local rules of this court.

    Entered for the Court
    CHRISTOPHER M. WOLPERT, Clerk

    *Lara Smith*

    by: Lara Smith
        Counsel to the Clerk